IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS MARTIN SUKUP,

    Plaintiff,                       No. CIV-S-11-1470 GGH P

    vs.

VICTORIA C. MINOR, Clerk,

    Defendant.                  ORDER

_____/

       Plaintiff, apparently a federal prisoner housed in Texas, has filed a document styled "petition for injunctive relief under 42 U.S.C. § 1983," asking the court to order the Clerk of the Court, Victoria Minor, to re-file a notice of appeal. Plaintiff apparently takes issue with the way his appeal was or was not processed in a criminal matter, CR-S-97-461 DFL,[1] dating back to 1999. No other pleadings have been filed by the plaintiff. Plaintiff does not frame a

---

[1] This closed case is denominated in the court's current docket as 97-cr- 0461-JAM-KJM. In the closed criminal matter, of which this court takes judicial notice (judicial notice may be taken of court records, Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)), plaintiff, as petitioner, appears to have separately filed a virtually identical filing to the instant one, entitled a Rule 60(b) motion for relief from judgment. The motion for relief from judgment, filed on June 3, 2011, in the criminal matter, is noted as terminated pursuant to a March 25, 2010, minute order stating, inter alia, "no motions for reconsideration, rehearing, modification, clarification, or any other submissions shall be filed or entertained in this closed docket." Docket # 267 & # 285.

1

1  claim under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).[2]
2  In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the
3  Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an
4  application requesting leave to proceed in forma pauperis.[3]  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).
5  The court will not issue any orders granting or denying relief until an action has been properly
6  commenced.  Therefore, plaintiff's motion will be denied without prejudice.  Plaintiff will be
7  provided the opportunity to file his complaint, and to submit an application requesting leave to
8  proceed in forma pauperis or to submit the appropriate filing fee.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's May 31, 2011, "petition for injunctive relief" is denied without prejudice;

   2. Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act or, in the case of a federal prisoner, proceed under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),  the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint.  Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00.  Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

   ////
   ////

---

[2] "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under...42 U.S.C. § 1983.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948 (2009).

[3] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

DATED: July 11, 2011

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
suku1470.noc